## CIRCUIT COURT OF FAIRFAX COUNTY

Harold Bloom et ux. et al.

v.

Southeastern Investment
Corp. et al.

January 18, 1990

Case No. (Law) 69309

By JUDGE LEWIS HALL GRIFFITH

This matter came before the Court on the motion of the defendant, Jolly, Place, Fralin and Prillaman, for summary judgment. For the reasons stated below, the motion is denied.

Jolly, Place, Fralin and Prillaman (Jolly) is a law firm which was employed as the settlement agent in a number of related condominium sales. The plaintiffs are the various purchasers of the condominiums. Count II of the Amended Motion for Judgment alleges that Jolly represented the purchasers at settlement and committed malpractice in effectuating the transfer between themselves and the sellers by failing to advise them of their right to obtain a public offering statement and their ten day cancellation right. These "rights" flow from the requirements of Va. Code Section 55-79.88 (1989 Supp.). Jolly admits it represented the purchasers at settlement but contends that it did not breach any duty actually owed to them and seeks summary judgment in its favor.

The sole issue in this proceeding is whether Jolly, as the settlement attorney, owed a legal duty to the purchasers upon which they may maintain a cause of action for malpractice.

The purchasers allege Jolly owed them a duty to exercise a reasonable degree of care, skill, and dispatch in effectuating settlement on the condominiums. They allege specifically that Jolly had a duty to advise them of their right to receive a public offering statement and their ten-day right of cancellation. Jolly argues that its sole duty was to effectuate settlement.

At a bare minimum, a settlement agent owes a duty to all parties he represents to insure, to the best of his available knowledge, that title passes effectively. In a condominium transaction, this includes observing that all the statutory requirements for transfer have been complied with. The Condominium Act provides in Va. Code § 55-79.88 (1989 Supp.):

> 1. No declarant may offer or dispose of any interest in a condominium unit located in this Commonwealth, nor offer or dispose in this Commonwealth of any interest in a condominium unit located without this Commonwealth prior to the time the condominium, including such unit, is registered in accordance with this chapter.
>
> 2. No declarant may dispose of any interest in a condominium unit unless he delivers to the purchaser a current public offering statement by the time of such disposition and such disposition is expressly and without qualification or condition subject to cancellation by the purchaser within ten calendar days from the contract date of the disposition, or delivery of the current public offering statement, whichever is later . . .

A settlement attorney in a condominium transaction has a duty to observe that this code section has been complied with. His failure to do so may result in a defective transfer of title and this would be a breach of his duty to effectively transfer ownership. This is not to say that a settlement attorney in a condominium transfer must in all cases advise those purchasers he represents of the requirements of § 55-79.88. It simply means he must observe to his own satisfaction that a public offering

statement has been provided to the purchaser and that the disposition is subject to unqualified cancellation. If these things have been provided for, the burden is shifted to the purchaser to be aware of his rights. However, where the requirements of § 55-79.88 have not been satisfied to the settlement attorney's satisfaction, he should not be allowed to sit silent. The settlement attorney has an affirmative duty in such circumstances to inform his clients of the defect.

Jolly owed a duty to the purchasers upon which they may maintain a suit for malpractice.

The motion for summary judgment is denied.